UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR E. NISKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROLAND WALLESTAD, GARY A. LINCOLN, DOUGLAS H. SHULMAN, GREG KANE, JOHN DOE, MARY ROE, INTERNAL REVENUE SERVICE, JOSEPH SAXTON, JOHN G. STRUMPF, MARGARET PEMBERTON, JOHN DOE, MARY ROE, WELLS FARGO BANK, N.A.,<br>　　　　Defendant. | Civil 11-1919 (DSD/FLN)<br><br><br>**ORDER** |

　　Plaintiff has filed a complaint seeking a judgment against the above-named Defendants.  (Docket No. 1.)  He did not pay the $350.00 filing fee for this action as required by 28 U.S.C. § 1914(a), but he instead filed an application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), which is now before the Court.

　　Plaintiff's IFP application shows that he is not currently employed, but he is receiving retirement benefits in the amount of $1976.51 per month.  Plaintiff apparently has no other income, and no assets that could readily be used to pay the filing fee and costs for this case.  However, it also appears that Plaintiff has no dependents, and no other noteworthy financial responsibilities.

　　Based on the information furnished in Plaintiff's IFP application, the Court cannot conclude that he is indigent.  Although Plaintiff obviously is not wealthy, it appears that he should be able to pay the filing fee and costs for this case from his current income.  Therefore, Plaintiff's IFP application will be DENIED.

Plaintiff will be given an opportunity to pay the normal $350.00 filing fee, and if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant. If Plaintiff pays the $350.00 filing fee within twenty (20) days after the date of this order, the action will be allowed to proceed.[1] If he fails to pay the full amount of the filing fee within the time allowed, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED**; and

2. Plaintiff shall pay the full filing fee of $350.00 within twenty (20) days after the date of this order, failing which it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: August 2, 2011

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's current complaint is fraught with serious defects. Most notably perhaps, it appears that Plaintiff is not seeking a judgment for his own benefit, but only for the benefit of two other parties identified as "Victor Edward Niska Estate" and "Sonshine City, LLC." Plaintiff apparently is not admitted to practice law in the District of Minnesota, and it is therefore highly doubtful that he can properly bring this action on behalf of the real parties in interest in this matter. The Court further notes that Plaintiff's complaint is defective because it does not adequately describe the allegedly wrongful acts (or omissions) of each named Defendant that is being sued. In addition, Plaintiff's complaint appears to be based on the facetious theory that the Internal Revenue Service is not authorized to enforce federal tax laws in Minnesota, because it is not "incorporated" under the laws of the State of Minnesota. Given the patent inadequacy of Plaintiff's pleading, he should carefully consider whether it would be prudent to spend $350.00 (from his apparently limited resources) to pursue this action.